IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEX SMITH, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 2:17-CV-94-WKW |
| | ) [WO] |
| WELLS FARGO BANK, N.A., | ) |
| and SIROTE & PERMUTT, P.C., | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

Before the court is the Complaint and Request for Injunction filed by Plaintiff Alex Smith, Jr., which is construed as containing a motion for temporary restraining order and for preliminary injunction. (Doc. # 1.) In the motion, Plaintiff claims that his "private property is under an immediate order of ejectment . . . from the Deputy Sheriff of Montgomery County." (Doc. # 1 at 4.) This order of ejectment stems from an apparent state-court foreclosure action instituted by Defendants in 2014 on the basis of a 2010 promissory note signed by Plaintiff's mother. The Circuit Court of Montgomery County entered summary judgment against Plaintiff, and the Alabama Court of Civil Appeals affirmed the judgment despite Plaintiff's "claim[s] [of] violations of numerous federal laws." (Doc. # 1 at 4.) Plaintiff now asks this court "to stay the immediate/pending order of ejectment" affecting his property.

(Doc. # 1 at 5.)  Upon careful consideration, the motion for temporary restraining order will be denied and the motion for preliminary injunction will be referred to the Magistrate Judge.

Rule 65(b) of the Federal Rules of Civil Procedure governs requests for temporary restraining orders.  Of relevance here, Rule 65(b) imposes two requirements on a movant who seeks the issuance of a temporary restraining order "without written or oral notice to the adverse party or its attorney." Fed. R. Civ. P. 65(b).  First, "specific facts in an affidavit or a verified complaint clearly [must] show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition."  *Id.* at 65(b)(1)(A).  Second, the movant must "certif[y] in writing any efforts made to give notice and the reasons why it should not be required."  *Id.* at 65(b)(1)(B).

Plaintiff has neither verified his complaint nor shown specific facts in an affidavit that "clearly show that immediate and irreparable injury, loss, or damage will result" from the short delay required to give notice to Defendants.  His motion also does not include the required certification.  Because Plaintiff has failed to abide by the procedural requirements of Rule 65(b), his motion for temporary restraining order will be denied, and a ruling on Plaintiff's motion for preliminary injunction will be reserved until such time that Defendants have been given an opportunity to be heard.

Accordingly, it is ORDERED that Plaintiff's motion for temporary restraining order (Doc. # 1) is DENIED.

An order of referral will be entered separately.

DONE this 16th day of February, 2017.

                                /s/ W. Keith Watkins
                         CHIEF UNITED STATES DISTRICT JUDGE