THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ALEX SMITH, JR., | ) |
|       Plaintiff, | ) ) ) |
| v. | ) Case No. 2:17-cv-94-WKW-WC ) |
| WELLS FARGO BANK, N.A., *et al.*, | ) ) |
|       Defendants. | ) |

# RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 16, 2017, Alex Smith, Jr., ("Plaintiff"), proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") and Sirote & Permutt ("Sirote"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Compl. (Doc. 1) at 3. In addition to monetary compensation, Plaintiff's complaint requests injunctive relief. Plaintiff "asks the court to issue without notice a temporary restraining order (FRCP Rule 65) to stay the immediate/pending order of ejectment dated February 15, 2017[,] to the Deputy Sheriff from the Circuit Court of Montgomery County, until a hearing for a preliminary injunction can be scheduled at the court's earliest convenience." *Id*. at 5. The United States District Judge assigned to the case denied Plaintiff's motion for a temporary restraining order, and reserved ruling on Plaintiff's motion for preliminary injunction "until such time that Defendants have been given an opportunity to be heard." Order (Doc. 3). On February 16, 2017, the United States District Judge referred the case to the undersigned Magistrate Judge "for further proceedings and determination or

recommendation as may be appropriate." Order (Doc. 4). After all counsel entered their notices of appearance, the undersigned issued an Order (Doc. 17) to Defendants to show cause, on or before March 24, 2017, as to why the motion for preliminary injunction should not be granted. Plaintiff was directed to reply on or before April 3, 2017. Doc. 17. Defendant Wells Fargo and Plaintiff filed their response and reply, respectively, within the timeframe allotted by the undersigned. *See* Docs. 21, 23.[1] As such, the matter is fully briefed and ripe for recommendation to the District Judge.

I. Discussion

*The* Rooker-Feldman *Doctrine Bars Plaintiff's Request for Injunctive Relief*

Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court." *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (citing *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923)). The doctrine makes clear that federal district courts *cannot* review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court. *See Feldman,* 460 U.S. at 482. The *Rooker–Feldman* doctrine is "confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court

---

[1] Although Plaintiff's reply document (Doc. 23) is titled "Plaintiff's Response to Order to Show Cause" and is accordingly docketed as a response to the court's show cause order for Defendant Wells Fargo's Motion to Dismiss (Doc. 18), Plaintiff states that he "hereby files his response . . . 'why the motion to dismiss filed by Defendant Wells Fargo Bank, N.A. [Document 18] should not be granted' and that Plaintiff's request for injunctive relief outweigh any injury to Wells Fargo Bank, N.A." As such, the undersigned interprets Plaintiff's filing as his response to Defendant Wells Fargo's motion to dismiss *and* his reply to Defendant Wells Fargo's response opposing his motion for preliminary injunction, as construed.

2

judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

As a state-court loser seeking to have this court stay a judgment for ejectment against him issued by the state court on May 16, 2016, and affirmed by the state appellate court on January 20, 2017, Plaintiff is asking this court to do exactly what the *Rooker-Feldman* doctrine prohibits. Indeed, by requesting that this court prevent Defendant Wells Fargo from executing the judgment it received from the state court entitling it to immediate possession of the property, Plaintiff seeks this court's review of the state court's judgment, and, further, for relief from it. Unfortunately, for Plaintiff, his request to this court is not permissible according to the *Rooker-Feldman* doctrine, and this court has no jurisdiction over Plaintiff's request for preliminary injunction. *Witwicki v. Circuit Ct. of Coffee Cty.*, No. 1:12cv920-MHT, 2013 WL 639137, at *5 (M.D. Ala. Jan 23, 2013) ("[A]fter state court proceedings have ended, a federal district court has *no jurisdiction* over a federal case brought by the loser of the state court action who complains of an injury caused by the state-court judgment and seeks review of that judgment.") (emphasis added).

In his reply, Plaintiff briefly challenges the application of the *Rooker-Feldman* doctrine, stating that it does not apply because his "federal claims allege injury that the state courts failed to remedy." Doc. 23 at 1. Such is not the case. In asking this court to stay ejectment, Plaintiff is, in reality, seeking relief from a state court judgment. To the extent that Plaintiff is attempting to couch his request for preliminary injunction under the guise of federal statutory violations that were not remedied by the state court, Plaintiff

3

cannot escape the application of the *Rooker-Feldman* doctrine.2 As such, this court lacks subject matter jurisdiction over Plaintiff's motion for preliminary injunction, and the motion should, accordingly, be denied.

*Plaintiff has Not Shown the Requisite Elements for a Preliminary Injunction to Issue*

Assuming *arguendo* that the *Rooker-Feldman* doctrine did not bar Plaintiff's requested injunctive relief, the request for preliminary injunction should be denied because Plaintiff has not shown the requisite elements for a preliminary injunction to issue. "A district court may grant injunctive relief only if the moving party shows that: (1) it has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless

---

2 *See, e.g.*, *Figueroa v. Merscorp, Inc.*, 766 F. Supp. 2d 1305, 1320 (S.D. Fla. 2011) ("[T]he Eleventh Circuit and many district courts in this circuit have applied *Rooker-Feldman* to dismiss actions where plaintiffs were, in reality, challenging state-foreclosure judgments."); *Parker v. Potter*, 368 F. App'x 945-947-48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under TILA that sought recission of a state foreclosure judgment); *Velardo v. Fremont Inv. & Loan,* 298 F. App'x 890, 892–93 (11th Cir. 2008) (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker–Feldman* ); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132–33 (11th Cir. 2005) (dismissing federal TILA, FDCPA, and Equal Credit Opportunity Act claims under *Rooker–Feldman* because they were inextricably intertwined with a state-court foreclosure proceeding); *AboyadeCole Bey v. BankAtl.,* No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear the plaintiff's case under *Rooker–Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment); *Distant v. Bayview Loan Serv., LLC,* No. 09–61460–CIV, 2010 WL 1249129, at *3 (S.D. Fla. Mar. 25, 2010) ("Although plead [sic] as conspiracy claims . . ., Plaintiff is clearly asking this Court to invalidate the state court action by ruling that the state court foreclosure judgment is somehow void. Under the *Rooker–Feldman* doctrine, [defendant] is correct that this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); *Billie v. Aurigremma*, No. 3:13-cv-1432 (JBA), 2013 WL 6331358, at * 2 (D. Conn. Dec. 5, 2013) ("any claims contesting the validity of the state court foreclosure judgment are precluded by the *Rooker-Feldman* doctrine"); *Astoria Fed. Sav. & Loan Ass'n*, No. 3:12-cv-230 (WWE), 2012 WL 4355550, at *2 (D. Conn. Sept. 18, 2012) (where the plaintiff sought "an injunction to prevent the subject property from being 'stolen' from him" and "an order to void the [state court's] foreclosure orders," his "challenge to a judgment of foreclosure issued by the state superior court satisfie[d] the *Rooker-Feldman* factors, and the Court lack[ed] subject matter jurisdiction to resolve plaintiff's request for relief"); *Vossbrink v. Accredited Home Lenders, Inc.*, No. 3:11-cv-1312 (WWE), 2012 WL 2952374, at *1 (D. Conn. July 19, 2012) ("Here, plaintiff's motion for issuance of a temporary restraining order or preliminary injunction challenges a judgment of foreclosure issued by the state superior court"; "[t]hus, the *Rooker-Feldman* factors apply and the Court lacks subject matter jurisdiction to resolve plaintiff's request for relief.").

the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest." *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (citing *McDonald's Corp. v. Robertson,* 147 F.3d 1301, 1306 (11th Cir. 1998)). In the Eleventh Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the 'burden of persuasion'" as to each of the four prerequisites. *McDonald's Corp.*, 146 F.3d at 1306 (internal citation omitted); *see also Texas v. Seatrain Int'l, S.A.,* 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary injunction "is the exception rather than the rule," and the plaintiff must clearly carry the burden of persuasion).

As previously noted, Plaintiff's complaint contains TILA and FDCPA claims. Those claims are based upon the following alleged facts: Plaintiff's mother, on or around August 12, 2010, executed a promissory note with Defendant Wells Fargo. Doc. 1 at 5; Doc. 23-2 at 2. Because "Defendant failed to provide full disclosures and rescission forms pursuant to 15 U.S.C. § 1635(a), . . . Plaintiff's mother rescinded the consumer transaction on November 13, 2010." Doc. 1 at 5; Doc. 23 at 2, ¶ 1. In 2013, Plaintiff's mother died. Doc. 23 at 2, ¶ 2. The underlying property went into default, and Plaintiff, as executor of the estate, was alerted by Defendant Sirote that a foreclosure on the underlying property would commence. *Id*. On May 20, 2014, Defendant Wells Fargo "executed a foreclosure sale of Plaintiff's private property[,]" and subsequently filed an ejectment action on November 12, 2014, in Montgomery County Circuit Court. *Id*. at 2, ¶ 4. That state court entered an order awarding possession of the property to Defendant Wells Fargo on May

5

16, 2016.  Doc. 5 at 4; Doc. 23 at 2, ¶ 2.  Plaintiff appealed that decision to the Alabama Court of Civil Appeals on September 23, 2016, and the Court of Civil Appeals affirmed the lower court by order on January 20, 2017.  Doc. 5 at 4; Doc. 23 at 3, ¶ 5.

Although Plaintiff claims in his reply to the undersigned's show cause that he will show a substantial likelihood of success on the merits of his claims, he presents no argument or legal support as to why his claims under the FDCPA and TILA will succeed.  Instead, he provides merely conclusory statements alleging that (1) Defendants have filed numerous "void" documents in state court and in this court, and (2) Defendant Wells Fargo is not entitled to foreclose or possess the underlying property because Plaintiff's mother "rescinded" her promissory note with Defendant Wells Fargo "pursuant to federal laws and supported by the United States Supreme Court case law."  However, Plaintiff does not provide the court with any allegations of *how* Defendants violated the statutes at issue in this case, much less *why* Plaintiff believes he is likely to succeed on the merits of his claims.  Nor does he show the court that the other elements required for a preliminary injunction to issue weigh in his favor.  As explained further, these deficiencies are fatal to Plaintiff's request for preliminary injunction.[3]

*Plaintiff's Claim for FDCPA Violations*

In enacting the FDCPA, Congress sought "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

---

[3] For the purpose of determining Plaintiff's motion for preliminary injunction, the undersigned assumes, without determining, that Plaintiff has standing, as executor of his mother's estate, to bring suit on behalf of the estate for violations of TILA and the FDCPA.

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e); *Brown v. Budget Rent-A-Car Sys., Inc.*, 119 F.3d 922, 924 (11th Cir. 1997). Accordingly, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" as well as the use of "unfair or unconscionable" means of collection. 15 U.S.C, §§ 1692(e), (f).

"To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruth v. Tenen*, No. 3:12CV40-WHA, 2012 WL 2135478, at *2 (M.D. Ala. June 13, 2012) (citing *Janke v. Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011)). "The FDCPA defines a 'debt collector' as a person who uses an instrumentality of interstate commerce or the mails in a business which has the *principal purpose of collecting debts, or who regularly collects debts owed to another." Warren v. Countrywide Home Loans, Inc.,* 342 F. App'x 458, 460 (11th Cir. 2009) (citing 15 U.S.C. § 1692a(6)). "It is well-established that mortgage servicers do not fall within the definition of debt collector[s]." *Jenkins v. BAC Home Loan Serv., LP*, 822 F. Supp. 2d 1369, 1374 (M.D. Ga. 2011) (citing *Warren*, 342 F. App'x at 460 (determining that "the act of foreclosing on a security interest is not debt collection activity for the purposes of the FDCPA.")).

The FDCPA requires that claims for violations be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). "The statute of limitations

7

begins to run on the date the debt collector last engages in conduct offensive of the FDCPA." *Stewart v. Bureaus Inv. Grp., LLC*, 309 F.R.D. 654, 658 (2015) (citing *Maloy v. Phillips*, 64 F.3d 609, 608 (11th Cir. 1995)).

Plaintiff's complaint alleges wrongdoing by Defendants in the year 2014 that could presumably be conduct that violates the FDCPA. After that date, Plaintiff complains of wrongdoing that took place during the state court proceedings and actions subsequent thereto, all occurring in years 2016 and 2017. However, because the conduct that could *potentially* violate the FDCPA occurred in 2014, the one-year statute of limitations has clearly passed for Plaintiff to assert his claims, and, thus, Plaintiff's claims are time-barred.

Additional problems plague Plaintiff's FDCPA claim. On January 22, 2015, Plaintiff filed a case in this court against Defendant Wells Fargo for violations of the FDCPA based upon the same underlying facts. *See Smith v. Wells Fargo Bank, N.A.*, 2:15-cv-54-MHT-WC, Compl. (Doc. 1) at 1. Upon consideration of Defendant Wells Fargo's motion to dismiss in that case, the undersigned recommended dismissal of Plaintiff's FDCPA claims because Defendant Wells Fargo, as a mortgage servicer, was not a debt collector as defined under the federal statute. *See Smith v. Wells Fargo Bank, N.A.*, 2:15-cv-54-MHT-WC, Doc. 16. Here, Plaintiff has not provided the court with any facts that could lead the undersigned to conclude differently than he did in that previous case's recommendation—i.e., that Defendant Wells Fargo is not a debt collector as contemplated by the FDCPA. As such, it is unlikely that Defendant Wells Fargo is subject to liability under the FDCPA.

Further, in Plaintiff's previous case, the undersigned entered a second recommendation, which was adopted by the District Judge, determining that Plaintiff should not be allowed to amend his complaint to add Defendant Sirote because any FDCPA claims that Plaintiff may have had against Defendant Sirote were time barred. *See Smith v. Wells Fargo Bank, N.A.*, 2:15-cv-54-MHT-WC, Doc. 22. One year later, this result is the same, as discussed more fully above, because any claims against Defendant Sirote are outside the timeframe for bringing suit pursuant to the FDCPA. As such, it is likely that any FDCPA claim against Defendant Sirote would not succeed.

Accordingly, it does not appear to the undersigned that Plaintiff has a substantial likelihood of success on the merits of his FDCPA claim. Certainly, Plaintiff has not carried his burden otherwise. Thus, the undersigned concludes that the preliminary injunction should not issue.

*Plaintiff's Claim for TILA Violations*

"Congress passed [TILA] to help consumers 'avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing." *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 791-92 (2015) (quoting 15 U.S.C. § 1601(a)). "[I]n the case of any consumer credit transaction . . . in which a security interest . . . is . . . acquired in any property which is used as the principal dwelling of the person to whom credit is extended," 15 U.S.C. § 1635(a), TILA "grants borrowers an unconditional right to rescind for three days, after which they may rescind only if the lender failed to satisfy the Act's disclosure requirements," *Jesinoski*, 135 S.Ct. 792. To rescind a home-secured loan, a borrower must send the lender a written notice of rescission. 15 U.S.C. §

1635(a); 12 C.F.R. § 226(a)(2); *Jesinoski*, 135 S.Ct. at 792 ("[R]escission is effected when the borrower notifies the creditor of his intention to rescind.").

Once a borrower has rescinded the loan, the lender must "return to the [borrower] any money or property given as earnest money, downpayment, or otherwise . . . and shall take any action necessary or appropriate to reflect the termination of any security interest created under the transaction."4   15 U.S.C. § 1635(b).  "Upon the performance of the creditor's obligations . . . the [borrower] shall tender the property to the [lender], except that if return of the property in kind would be impracticable or inequitable, the [borrower] shall tender its reasonable value."  *Id*.  "If the [lender] does not take possession of the property within 20 days after tender by the [borrower], ownership of the property vests in the [borrower] without obligation on his part to pay for it."  *Id.*

While the right to rescind under TILA is afforded to a borrower for three years, TILA claims must be brought within the one year limitations period.  *See* 15 U.S.C. § 1640 ("Any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation. . . .").

Plaintiff's TILA claims fall outside the statute of limitations for bringing suit. Assuming momentarily, as we must, that Plaintiff's facts are true, Plaintiff's mother mailed a written letter to Defendant Wells Fargo rescinding her transaction approximately one

---

4 Obviously, a lender will need its money back if it is going to terminate its security interest; *a rescission does not release the borrower of its obligation to repay money still owed under the transaction.*

month after its execution. Such rescission was outside the three-day window for unconditional rescission; thus, proper rescission would require an actual violation of TILA. Notably, other than a general reference to Defendant Wells Fargo's "lack of full disclosure," Plaintiff does not provide the court with any allegation as to *how* Defendant Wells Fargo violated TILA. Nor does Plaintiff provide any evidence to the court that could support such a claim.

Further, even if Plaintiff demonstrated that Defendant Wells Fargo somehow violated TILA, Plaintiff's current suit is time-barred. As noted above, TILA violations must be brought within the one-year statute of limitations. If Plaintiff's mother rescinded the transaction on November 13, 2010, Defendant Wells Fargo would have been required to wind up the transaction within twenty days, on approximately December 3, 2010. If Defendant Wells Fargo had not done so, Plaintiff's mother would have had until approximately December 3, 2011, to file suit. Here, Plaintiff is bringing suit (on behalf of his mother's estate) for TILA violations and damages in 2017. Clearly, that is outside the statute of limitations contemplated by TILA, and, as such, the claim is time barred.

Accordingly, it does not appear to the undersigned that Plaintiff has a substantial likelihood of success on the merits of his TILA claim. Certainly, as with his FDCPA claim, Plaintiff has not carried his burden otherwise. Thus, the undersigned concludes that the preliminary injunction should not issue.

*Other Elements Required for the Preliminary Injunction to Issue*

Further, even if Plaintiff could show a substantial likelihood of success on the merits (which he has not), Plaintiff has not carried his burden as to the other elements required for

11

a preliminary injunction to issue. While Plaintiff arguably could show irreparable harm because of the nature of ejectment, Plaintiff has not provided the court with any reasoning as to why his harm outweighs any potential harm to Defendants, nor has he shown that the preliminary injunction is not against the public interest. Accordingly, because Plaintiff has not shown the requisite elements required for a preliminary injunction to issue, the request is due to be denied.

*Compliance with Federal Rule of Civil Procedure 65*

Finally, Plaintiff has not complied with Federal Rule of Civil Procedure 65, which requires Plaintiff, in order to receive a preliminary injunction, to give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Nor has Plaintiff set forth facts on which the court could determine the appropriate amount of security necessary for the injunction to issue. Courts have denied preliminary injunctions based upon this failure alone. *Jones v. Brown*, 518 F. App'x 643, 644 (11th Cir. 2013) (affirming the trial court's determination that the plaintiff's failure to provide security along with the failure to provide facts to determine a reasonable amount was the dispositive fact in determining that there could be no injunction); *Black Warrior Riverkeeper, Inc. v. U.S Army Corps of Engineers,* 297 F.R.D. 633, 636 (N.D. Ala. 2014) ("To deny a [security] bond [under Rule 65(c)] would not only be abusing this court's discretion. It would be flagrantly disregarding a binding rule."). Consequently, because Plaintiff has not offered to tender any amount as security, the court cannot enter a preliminary injunction under Rule 65. *See Smith v. Farmer and Merchants Bank*, No. 5:14-CV-140 (CAR), 2014 WL 1774119, at *3 (M.D.

Ga. May 2, 2014) ("Moreover, Plaintiff is not entitled to a preliminary injunction of non-judicial foreclosure proceedings because she fails to satisfy Federal Rule of Civil Procedure 65" requiring the plaintiff to post security.); *Bailey v. Deutsche Bank Trust Co. Ams.*, Civil Action No. 3:13–CV–00001 (CAR), 2013 WL 395969, at *1 (M.D. Ga. Jan. 31, 2013) ("Plaintiff's requests for injunctive relief must be denied because Plaintiff fails to give or even offer the security required by Federal Rule of Civil Procedure 65(c)."). As such, Plaintiff's motion for preliminary injunction is due to be denied.

## II. Conclusion

For the foregoing reasons, it is the RECOMMENDATION of the undersigned Magistrate Judge that Plaintiff's Motion for Preliminary Injunction (Doc. 1), as construed, be DENIED for lack of jurisdiction because of the *Rooker-Feldman* doctrine. In the alternative, it is the RECOMMENDATION of the undersigned that the motion be DENIED for Plaintiff's failure to show the requisite elements for a preliminary injunction to issue, and/or Plaintiff's failure to comply with Federal Rule of Civil Procedure 65. It is

ORDERED that Plaintiff is DIRECTED to file any objections to the said Recommendation on or before **April 26, 2017**. Plaintiff must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to

factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*). The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

    Done this 12th day of April, 2017.

                                              /s/ Wallace Capel, Jr.
                                              CHIEF UNITED STATES MAGISTRATE JUDGE