IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALEX SMITH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 2:17-cv-94-WKW-WC |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., and | ) | |
| SIROTE & PERMUTT, P.C., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

On February 16, 2017, Alex Smith, Jr., ("Plaintiff"), proceeding *pro se*, filed a complaint against Wells Fargo Bank, N.A. ("Wells Fargo") and Sirote & Permutt ("Sirote"), alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*., and the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq*. Compl. (Doc. 1) at 3. On February 16, 2017, the United States District Judge referred the case to the undersigned Magistrate Judge "for further proceedings and determination or recommendation as may be appropriate." Order (Doc. 4). Defendant Sirote and Defendant Wells Fargo, on March 13, 2017, and March 14, 2017, respectively, filed Motions to Dismiss Plaintiff's complaint. Docs. 15, 18, 18-1. Plaintiff filed Oppositions to Defendants' Motions to Dismiss. Docs. 24, 25. On April 11, 2017, both Defendant Sirote and Defendant Wells Fargo filed Replies. Docs. 27, 28. As the matters are now fully briefed, they are ripe for recommendation to the District Judge. After a review of

Defendants' Motions to Dismiss and all supporting memoranda, and for the following reasons, the undersigned RECOMMENDS that Defendants' Motions to Dismiss (Docs. 15, 18) be GRANTED.

## I.  STATEMENT OF FACTS

On August 12, 2010, Plaintiff's mother, Novella Smith ("Smith"), executed a Promissory Note ("Note") in favor of Defendant Wells Fargo.  Doc. 1 at 4.  According to Plaintiff, Smith "timely rescinded the consumer transaction . . . on November 13, 2010."[1] *Id*.  On October 8, 2013, Smith passed away, and Plaintiff became the executor of her estate.  *Id*. at 4, 5.  In April 2014, the mortgage with Defendant Wells Fargo went into default.  *See generally* Doc. 1.  A foreclosure sale of Smith's property occurred on May 20, 2014, and the property was purchased by Defendant Wells Fargo.[2]  *Id*. at 4.  Following the foreclosure sale, Plaintiff and Defendant Wells Fargo were parties to an eviction action ("Eviction Action") filed in the Circuit Court of Montgomery County, Alabama ("Circuit Court"), on November 12, 2014.  *Id*.  An order of ejectment was entered by the Circuit Court in favor of Defendant Wells Fargo on May 16, 2016.  *Id*.  Plaintiff appealed that

---

[1]  The document by which Plaintiff claims Smith properly rescinded her Note with Defendant Wells Fargo is attached to Plaintiff's Response in Opposition to Defendant Wells Fargo's motion to dismiss.  *See* Doc. 23-2 at 2.  The document is a typed, one-paragraph letter addressed to Defendant Wells Fargo stating that Smith "rescind[s] the Promissory Note executed on August 12, 2010 due to [Defendant Wells Fargo's] lack of full disclosure concerning [her] account[.]"  *Id*.  Smith then "demand[s] a refund of $82,000.00" pursuant to 15 U.S.C. § 1635.  *Id*.  The undersigned notes, without entering judgment on the validity of the letter, that the only official marking contained in the document is a single line which states: "(Sent via First-Class Mail U.S. Post Office)."  *Id*.  Also worthy of note, Smith's signature is electronic.  *Id*.

[2]  Although it is not clear from Plaintiff's complaint, Defendant Wells Fargo's motion to dismiss indicates that Defendant Wells Fargo purchased the property at the May 20th foreclosure sale.  Doc. 18-1 at 2, ¶ 3.  This, of course, is confirmed by the fact that Defendant Wells Fargo, as purchaser of the property at the foreclosure sale, initiated an eviction action against Plaintiff in state court.

order to the Alabama Court of Civil Appeals ("Appellate Court"), which affirmed the Circuit Court on January 20, 2017. *Id*. It does not appear that Plaintiff appealed to the Alabama Supreme Court the Appellate Court's affirmation of the Circuit Court's order.

While the state-court eviction action was ongoing, Plaintiff filed a prior complaint in this court—asserting essentially the same facts stated above—against Defendant Wells Fargo. That complaint, filed on January 22, 2015, asserted claims under the FDCPA and the Fair Credit Reporting Act ("FCRA"), in addition to various state law claims.[3] *Smith v. Wells Fargo*, Civ. Act. No. 2:15-cv-54-MHT-WC, Doc. 1 at 1. Defendant Wells Fargo moved to dismiss that complaint, *id*. at Doc. 12, and, on January 22, 2016, the undersigned recommended that all of Plaintiff's claims be dismissed, *id.* at Doc. 16. Specifically, as to Plaintiff's FDCPA claim against Defendant Wells Fargo, the undersigned concluded that, because "foreclosing on a home is not debt collection for purposes of § 1692g," Plaintiff did not, and could not, state an FDCPA claim based upon Defendant Wells Fargo's foreclosure sale of his home. *Id*.

After the undersigned entered that recommendation, Plaintiff filed a motion to amend his complaint, *id*. at Doc. 17, which the District Judge also construed as an objection

---

[3] The undersigned takes judicial notice of the documents filed in the previous case before this court and in the case before the Circuit Court. "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). In the present case, accuracy of previous documents filed in this court and the Circuit Court cannot be reasonably questioned; thus, judicial notice of such documents is proper. *See e.g.*, *Jones v. Alabama*, No. 14-0059-WS-C, 2015 WL 4104607, at *n.1 (S.D. Ala. July 8, 2015) ("At its discretion, the Court may take judicial notice of documents filed in other judicial proceedings, because they are public documents."); *Newcomb v. Brennan*, 558 F. 2d 825, 829 (7th Cir. 1977), *cert. denied*, (noting that "[a] court may take judicial notice of facts . . . in ruling on a motion to dismiss"); *Nila v. City of Aurora*, No. 89-C-4183, 1990 WL 16256, at *4 (N.D. Ill. 1990) (district court taking notice of adjudicative fact to determine motion to dismiss).

to the undersigned's recommendation, *id*. at Doc. 19. The District Judge ultimately overruled Plaintiff's objection, and referred Plaintiff's motion for leave to amend the complaint back to the undersigned. *Id*. at Doc. 21. Upon a thorough review of Plaintiff's proposed amended complaint (which was essentially the same as his original complaint, but with the addition of Defendant Sirote as a defendant, *see id*. at Doc. 17-3), the undersigned entered a recommendation denying Plaintiff's request to amend the complaint, concluding that such amendment would be futile.[4] *See id*. at Doc. 22. On May 3, 2016, the District Judge denied Plaintiff's motion to amend his complaint as futile, dismissed Plaintiff's suit with prejudice, and ordered costs taxed against Plaintiff. *Id*. at Doc. 26.

Now, Plaintiff is back asserting FDCPA and TILA claims against Defendant Wells Fargo and Defendant Sirote, who was the foreclosure attorney for Defendant Wells Fargo in the state-court eviction action.[5] It appears that, subsequent to the dismissal of Plaintiff's

---

[4]   Regarding Plaintiff's attempt to add Defendant Sirote as a defendant in that complaint, the undersigned concluded, in part, that amendment was futile because the alleged misconduct of Defendant Sirote was outside the statute of limitations for an FDCPA claim. *Id*. at Doc. 22.

[5]   Although it is not clear from Plaintiff's complaint the role Defendant Sirote played in the events forming the basis of Plaintiff's suit, Defendant Sirote, in its motion to dismiss, provides clarity to the matter. Defendant Sirote states:

> Sirote is a law firm which was simply retained to assist and represent Wells Fargo Bank, N.A. through the non-judicial foreclosure sale conducted on the Property in 2014. It had nothing to do with origination of Novella Smith's loan. Afterwards, and only after Plaintiff refused Wells Fargo's request for him to peacefully vacate the Property, Wells Fargo retained Sirote to plead and seek enforcement of Wells Fargo's state court ejectment remedies to peacefully have Plaintiff removed from the Property via a court order and writ of execution.

Doc. 15 at 8-9.

   According to documents filed by Plaintiff in his previous suit before this court, Defendant Sirote was also involved in sending letters to Plaintiff regarding the default of the mortgage and the foreclosure of the home. *See Smith v. Wells Fargo*, Civ. Act. No. 2:15-cv-54-MHT-WC, Pl.'s Compl. (Doc. 1) at 3 ("On or about August 11[,] 2014, [Defendant Wells Fargo's] Attorney [Defendant Sirote] sent Plaintiff a dunning 'Notice to Vacate' claiming that on May 20, 2014, Plaintiff's property was duly foreclosed and [Defendant Wells Fargo] is the owner of the property."); *id*. at Pl.'s Prop. Am. Compl. (Doc. 24-1) at 2 ("On or about

previous case, the Circuit Court granted Defendant Wells Fargo summary judgment in the Eviction Action, issuing an order of ejectment against Plaintiff, and that decision was affirmed by the Appellate Court. Thus, in filing the pending complaint, Plaintiff sought a temporary restraining order to "stay the [state court's] immediate/pending order of ejectment[,]" Doc. 1 at 5, which the District Judge denied, Doc. 3. The complaint also requested the same relief by way of preliminary injunction, Doc. 1 at 5, which the undersigned recommended be denied based upon the court's lack of jurisdiction under the *Rooker-Feldman* doctrine and, alternatively, for Plaintiff's failure to establish the requisite elements of a preliminary injunction, Doc. 29. The District Judge adopted the recommendation of the undersigned over the objection of Plaintiff. Doc. 31.

Having disposed of Plaintiff's requests for a temporary restraining order and preliminary injunction, Plaintiff's FDCPA and TILA claims remain against Defendants. For these wrongs, Plaintiff requests actual damages in the amount of "$7,500.00 for costs to Plaintiff for legal filing fees, case preparations and research over a three (3) year period, and punitive damages in the amount of $6,000,000.00 for emotional distress and mental anguish pursuant to 15 U.S.C. [§] 1640(a)(3) and 15 U.S.C. [§] 1692(k), with reasonable attorney fees and other costs deem[ed] just by the court." Doc. 1 at 5. Further, "Plaintiff, most importantly, asks the court to clear the title of the property and restore proper ownership to Plaintiff for defendant has shown through its conduct and behavior an intent

---

April 14, 2014, Defendant [Sirote] sent Plaintiff a dunning notice stating an alleged debt was in default and Defendant [Wells Fargo] accelerated the promissory note and mortgage[.]").

to violate federal laws." *Id.* Plaintiff's claims, for the reasons discussed below, should be dismissed.

## II.    DISCUSSION

### A. Standard of Review

Defendants move the court to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b), generally, and Rule 12(b)(6), specifically. *See* Doc. 15 (Defendant Sirote moves the court to dismiss the claims against it pursuant to Rule 12(b)(6)), Doc. 18-1 (Defendant Wells Fargo moves the court to dismiss the claims against it pursuant to Rule 12(b)). "Under [Rule 12(b)(6)], whether a plaintiff failed to state a claim upon which relief can be granted must be ascertained from the face of the complaint." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1266 n.11 (11th Cir. 1997). Generally, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *In re Johannsen*, 104 F.3d 347, 349 (11th Cir. 1996). In considering a motion pursuant to Rule 12(b)(6), the court must "accept the facts of the complaint as true and view them in the light most favorable to the nonmoving party." *Mogulta v. Samples*, 375 F.3d 1269, 1273 (11th Cir. 2004).

Challenges to subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure can exist in two substantially different forms: facial attacks and factual attacks. *Sinaltrainal v. Coca–Cola Co.,* 578 F.3d 1252, 1260 (11th Cir. 2009). When presented with a facial attack on the complaint, the court determines whether the complaint has sufficiently alleged subject-matter jurisdiction. *Sinaltrainal,* 578 F.3d at 1260. The

court proceeds as if it were evaluating a Rule 12(b)(6) motion; that is, it views the complaint in the light most favorable to the plaintiff and accepts all well-pled facts alleged in the complaint as true. *Id.* On the other hand, factual attacks question "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.* (citing *Lawrence v. Dunbar,* 919 F.2d 1525, 1529 (11th Cir. 1990)).

When a court is confronted with a factual attack, the standard of review diverges considerably:

> [T]he trial court may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56. Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.

*Lawrence,* 919 F.2d at 1529 (citing *Williamson v. Tucker,* 645 F.2d 404, 412 (5th Cir.), cert. denied, 454 U.S. 897 (1981)). Even when parties fail to argue that a district court lacks subject matter jurisdiction over a plaintiff's complaint, the court is compelled to review, *sua sponte,* whether it has subject matter jurisdiction. *Cormier v. Horkan*, 397 F. App'x 550, 552 (11th Cir. 2010). "A federal court must always dismiss a case upon . . . determining that it lacks subject matter jurisdiction, regardless of the stage of the proceedings, and facts outside of the pleadings may be considered as part of that determination." *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001)).

As a general matter, "[i]n the case of a *pro se* action . . . the court should construe the complaint more liberally than it would formal pleadings drafted by lawyers." *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, while district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, such "'leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action.'" *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quoting *GJR Invs., Inc. v. Cty. of Escambia, Fl.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### B. Plaintiff's FDCPA & TILA Claims

Plaintiff's complaint contends Defendants "illegally sold Plaintiff's private property in a nonjudicial sale" and have "obtained an order of ejectment [from the Circuit Court] using void documents styled as a promissory note" in violation of the FDPCA. Doc. 1 at 5. Plaintiff asserts Defendants violated TILA and the FDCPA because Smith "properly rescinded" the Note pursuant to TILA. *Id.*

Defendant Wells Fargo argues Plaintiff's claims should be dismissed because (1) they are "barred by the doctrine of *res judicata*," and (2) "[t]his Court lacks the jurisdiction to review the judgments issued by the Circuit Court and Appellate Court" based upon the *Rooker-Feldman* doctrine. *See* Doc. 18-1. Defendant Sirote argues Plaintiff's claims should be dismissed because (1) "this Court is without subject matter jurisdiction to entertain Plaintiff's requested relief pursuant to the *Rooker-Feldman* doctrine," and (2) "Plaintiff has . . . failed to state a cognizable legal theory against [Defendant] Sirote." *See* Doc. 15.

Plaintiff responds "there can be no *res judicata* merits against Plaintiff for there was no note and mortgage prior to Wells Fargo . . . and it's [sic] attorneys['] action in the state matters because the alleged documents styled as a note and mortgage were rescinded, void/canceled by operation of law." Doc. 25 at 2. Plaintiff also responds the *Rooker-Feldman* doctrine does not apply because "Plaintiff's federal claims allege injury that the state courts failed to remedy." *Id.*

The undersigned turns to address Plaintiff's claims as they apply to Defendant Wells Fargo, followed by an application to Defendant Sirote.

### 1. Plaintiff's FDCPA and TILA Claims Against Defendant Wells Fargo Should Be Dismissed.

#### a. *Res Judicata*[6]

Plaintiff is barred from bringing FDCPA or TILA claims against Defendant Wells Fargo due to the doctrine of *res judicata* because Plaintiff's claims have already been litigated in this court. The doctrine of *res judicata* "bars the filing of claims which were raised *or could have been raised* in an earlier proceeding." *Maldonado v. U.S. Attorney Gen.*, 664 F.3d 1369, 1375 (11th Cir. 2011) (quoting *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999)) (emphasis added). For *res judicata* to bar a subsequent

---

[6]    *Res judicata* is an affirmative defense that may be considered on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Solis v. Global Acceptance Credit Co., L.P.*, 601 F. App'x 767, 771 (11th Cir. 2015) ("Although res judicata is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), Fed. R. Civ. P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint."). For an affirmative defense such as *res judicata* to provide a basis for dismissal for failure to state a claim, the affirmative defense must be apparent on the face of the complaint, which includes public records and materials embraced by the complaint and materials attached to the complaint. Fed. R. Civ. P. 12(b)(6); *A.H. ex rel. Hubbard v. Midwest Bus Sales, Inc.,* Nos. 15-2317, 15-2318, 2016 WL 2909238 (8th Cir. 2016).

case, four elements must be present: "(1) there is a final judgment on the merits [in the previous case]; (2) the [prior] decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Id.* As for the fourth element, two cases are generally considered to involve the same cause of action if the latter case "arises out of the same nucleus of operative fact, or is based upon the same factual predicate," as the former one. *Ragsdale,* 193 F.3d at 1239 (quoting *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1503 (11th Cir. 1990)); *see also Singh*, 561 F.3d at 1280. Importantly, "[r]*es judicata* acts as a bar 'not only to the precise legal theory presented in the previous litigation, but to all legal theories and claims arising out of the same operative nucleus of fact.'" *Pleming v. Universal-Rundle Corp.*, 142 F.3d 1354, 1356 (11th Cir. 1998) (quoting *Manning v. City of Auburn*, 953 F.2d 1355, 1358–59 (11th Cir. 1992)).

Plaintiff previously asserted FDCPA claims against Defendant Wells Fargo in this court, *see Smith v. Wells Fargo*, Civ. Act. No. 2:15-cv-54-MHT-WC, Doc. 1, making the parties and the cause of action the same in both suits. This court dismissed Plaintiff's prior FDCPA claims against Defendant Wells Fargo pursuant to Rule 12(b)(6) for failure to state a claim. *Id.* at Doc. 20. Such a dismissal is considered a judgment on the merits, *see NAACP v. Hunt,* 891 F.2d 1555, 1560 (11th Cir. 1990) (a dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is an adjudication on the merits for *res judicata* purposes). Further, this court was a court of competent jurisdiction to hear Plaintiff's FDCPA claim, as such a claim arises under federal law. 28 U.S.C§ 1331 (granting district courts "original jurisdiction of all civil actions arising under" federal law). Accordingly,

the elements of *res judicata* are met, and the doctrine bars Plaintiff from asserting FDCPA claims against Defendant Wells Fargo in this suit.  *See Draper v. Atlanta Indep. Sch. Sys.*, 377 F. App'x 937, 940 (11th Cir. 2010) ("We have consistently concluded that when the substance and facts of each action are the same, *res judicata* bars the second suit.").

Similarly, *res judicata* bars Plaintiff from asserting TILA claims against Defendant Wells Fargo.  Although Plaintiff did not assert TILA claims against Defendant Wells Fargo in his prior action, Plaintiff could have asserted those claims, as Plaintiff presents essentially the same facts in the previous case as he does here.  Therefore, the undersigned sees no reason why Plaintiff could not have brought a TILA claim against Defendant Wells Fargo—even though it was not likely viable for other reasons—in the prior litigation. Because the doctrine of *res judicata* not only bars claims that were raised in previous suit, but also claims that could have been raised in the previous suit, Plaintiff is barred from asserting TILA claims against Defendant Wells Fargo in this suit.  *Maldonado,* 664 F.3d at 1375.

### b. *Rooker-Feldman* Doctrine[7]

Although Plaintiff brings this suit under the guise of FDCPA and TILA claims, it is clear that Plaintiff is, at least in part, using this court to challenge the state-court's ejectment order.  *See* Doc. 1 (Plaintiff asks the court, "most importantly, . . . to clear the title of the

---

[7]     Although district courts have dismissed complaints under the *Rooker-Feldman* doctrine pursuant to Federal Rule of Civil Procedure 12(b)(6), it seems that the correct disposition, when the *Rooker-Feldman* doctrine applies, is an order under Federal Rule of Civil Procedure 12(b)(1) dismissing the suit for lack of subject-matter jurisdiction.  *See Frederiksen v. City of Lockport,* 384 F.3d 437, 439 (7th Cir. 2004); *see also Velardo v. Fremont Investment & Loan,* 298 F. App'x 890, 892 (11th Cir. 2008) (Rule 12(b)(1) motion granted when federal claims were inextricably intertwined with prior state-court judgments and plaintiff had reasonable opportunity to raise the claims in state court).

property and restore proper ownership to Plaintiff[.]").  However, Plaintiff is barred from seeking such relief because of the *Rooker-Feldman* doctrine.

It is well-established that the *Rooker-Feldman* doctrine bars federal district courts from "review[ing] final judgments of a state court." *Nicholson v. Shafe*, 558 F.3d 1266, 1271 (11th Cir. 2009).  Instead, such review is left to the jurisdiction of the United States Supreme Court.  *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983) (noting that the review of a final determination from a state court is reserved only in the United States Supreme Court, not in the federal district court encompassing the state court).  The *Rooker-Feldman* doctrine is "confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).  Although the doctrine is narrow, its reach extends to federal claims raised by the state-court loser that are deemed to be "inextricably intertwined" with the state-court judgment. *Casale v. Tillman,* 558 F.3d 1258, 1260 (11th Cir. 2009).  The Eleventh Circuit has advanced two scenarios where a federal claim is considered inextricably intertwined with the state-court judgment: (1) where the success of the federal claim would "effectively nullify" the state-court judgment; and (2) where the federal claim "succeeds only to the extent that the state wrongly decided the issues." *Id.* (quotations omitted).

Plaintiff seeks relief from the state-court eviction order by requesting this court "clear the title of the property and restore proper ownership to Plaintiff."  Doc. 1 at 5.  However, as a state-court loser seeking to have this court remedy the state-court ejectment

order entered against him, Plaintiff is asking this court to do exactly what the *Rooker-Feldman* doctrine prohibits. Thus, Plaintiff's request for this court to undo the state-court's ejectment order is clearly subject to dismissal.

Further, Plaintiff's FDCPA and TILA claims are prohibited by *Rooker-Feldman* because those claims are inextricably intertwined with the state-court's judgment. If this court were to find Plaintiff's FDCPA and TILA claims availing, such a determination would effectively nullify the state-court's determination that Defendant Wells Fargo is entitled to possession of the property at issue by virtue of a valid foreclosure deed. *See* Doc. 18-3 at 1 (noting that Defendant Wells Fargo's state-court complaint avers "by virtue of foreclosure . . . [it] is the owner of the property" previously subject to a mortgage with Smith); *id*. at 153-54 (state-court order stating that "[p]ossession of the real property . . . is hereby awarded to [Defendant Wells Fargo] and any lawful sheriff of the County of Montgomery is hereby ordered to restore possession of the real property to [Defendant Wells Fargo]."). The Eleventh Circuit has repeatedly applied *Rooker-Feldman* to dismiss similar actions where plaintiffs were, in reality, challenging state-court foreclosure judgments. S*ee, e.g., Parker v. Potter,* 368 F. App'x 945, 947–48 (11th Cir. 2010) (rejecting under *Rooker-Feldman* a federal claim under TILA that sought rescission of a state foreclosure judgment); *Velardo,* 298 F. App'x at 892–93 (holding that appellants' federal TILA claims were inextricably intertwined with a state-court foreclosure judgment and thus barred by *Rooker-Feldman*); *Harper v. Chase Manhattan Bank,* 138 F. App'x 130, 132–33 (11th Cir. 2005) (dismissing federal TILA, FDCPA, and Equal Credit Opportunity Act claims under *Rooker-Feldman* because they were inextricably intertwined

with a state-court foreclosure proceeding); *AboyadeCole Bey v. BankAtl.,* No. 6:09–cv–1572–Orl–31GJK, 2010 WL 3069102, at *2 (M.D. Fla. Aug. 2, 2010) (finding the court had no jurisdiction to hear plaintiff's case under *Rooker-Feldman* because the case was, "at its core," an attempt to revisit a state-court foreclosure judgment).[8]

In addition, Plaintiff had an opportunity to raise FDCPA and TILA arguments in the state court because Plaintiff, in fact, did so on multiple occasions throughout the state-court litigation. In response to Defendant Wells Fargo's state-court complaint, Plaintiff argued that Defendant Wells Fargo's "deceptive attempt to compel [Plaintiff] to vacate possession

---

[8]     Federal courts in other circuits have also consistently rejected attacks on state-court foreclosure judgments and eviction orders via the FDCPA, TILA, and other federal laws due to the *Rooker-Feldman* doctrine. *See, e.g., Tropf v. Fidelity Nat'l Title Ins. Co.,* 289 F.3d 929, 937–38 (6th Cir. 2002) (affirming dismissal of a RICO action under *Rooker-Feldman* where plaintiffs were alleging various frauds in connection with a state-court foreclosure judgment that allegedly allowed banks to "wrongfully" take their home); *Rene v. Citibank NA,* 32 F. Supp. 2d 539, 543 (E.D.N.Y. 1999) (finding that subject-matter jurisdiction did not exist under *Rooker-Feldman* to adjudicate plaintiffs' RICO and § 1983 claims because plaintiffs asked the court "to review the state court's judgment of foreclosure and eviction, by seeking damages for the loss of their property . . . ."); *Simpson v. Putnam Cty. Nat'l Bank of Carmel,* 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) ("[P]laintiff claims that defendants' actions caused him injury through the (1) loss of his real property; (2) loss of his residence; (3) loss of business relationships, esteem, and respect of some who dealt with him; and (4) damage to his creditworthiness. . . . [Plaintiff] seeks to require this Court to revisit the State Court's foreclosure judgment that resulted in the loss of his property, and to declare that judgment invalid on account of the defendants' allegedly fraudulent actions. Under *Rooker-Feldman,* however, this Court has no authority to review the ... judgment. Nor does the fact that plaintiff alleges that the ... foreclosure judgment was procured by fraud and conspiracy change that result."); *Smith v. Wayne Weinberger, P.C.,* 994 F. Supp. 418, 424 (E.D.N.Y. 1998) (rejecting a federal claim that, in reality, attacked a state-court foreclosure judgment: "The fact that the plaintiff alleges that the State Court judgment was procured by fraud does not remove his claims from the ambit of *Rooker-Feldman.* . . . Smith's claims for conversion are merely a thinly-veiled effort to invalidate the State Court's foreclosure judgment, in contravention of *Rooker-Feldman.*"); *Zipper v. Todd,* No. 96 Civ. 5198(WK), 1997 WL 181044, at *3 (S.D.N.Y. Apr. 14, 1997) ("While it is true that plaintiffs never actually raised the federal claims of Section 1983, RICO and SLAPP violations before the state court, *Rooker-Feldman* precludes district court review of claims 'inextricably intertwined' with state court determinations. The fact that plaintiffs raise new claims under federal statutes does not preclude a finding that they are barred by the *Rooker-Feldman* doctrine.") (internal citation omitted); *In re Rusch,* No. 09–44799, 2010 WL 5394789, at *3 (Bankr. D.N.J. Dec. 28, 2010) ("[T]he Courts in this Circuit have consistently found *Rooker-Feldman* to be applicable and a bar to plaintiff's relief in a federal district court in the context of state foreclosure actions.").

of his land, to answer an alleged claim of debt due and owing, by a party misrepresenting themselves as an alleged creditor, when they are in fact debt collectors, is a continuation of the 'due process' rights violations, pursuant to the above laws." Doc. 18-3 at 10. The laws cited by Plaintiff included the FDCPA and the FCRA. *Id*. at 9. After Defendant Wells Fargo filed a motion for summary judgment, Plaintiff filed a motion to dismiss the complaint, arguing that Defendant Wells Fargo did not have standing to bring the action against him because Defendant Wells Fargo was a debt collector—not a creditor— according to the FDCPA. *Id*. at 58. Plaintiff then filed a second motion to dismiss the complaint specifically arguing that Smith "timely and properly Rescinded the Transaction with WELLS FARGO BANK, N.A. . . . in compliance with [TILA]." *Id*. at 62. Plaintiff also filed an opposition to Defendant Wells Fargo's motion for summary judgment, asserting, as a defense, "violations of the Constitution of the United States of America (1791) and the [FDCPA] [.]" *Id*. at 92. The state court rejected Plaintiff's FDCPA and TILA arguments, thereby holding the foreclosure deed valid, and entered judgment in favor of Defendant Wells Fargo. *Id*. at 153-54. Clearly, then, Plaintiff raised his FDCPA and TILA arguments in state court; however, the state court found those arguments and defenses unavailing.

Plaintiff challenges the application of the *Rooker-Feldman* doctrine by suggesting the Defendant Wells Fargo submitted false documents in the state-court proceeding. *See* Doc. 23 at 3 (Plaintiff states that Defendant Wells Fargo "filed a second instance of documents [with the Alabama Court of Civil Appeals] that were deemed void/cancel[led] due to the 'private right of action' of rescission by Plaintiff's mother. . . ."); *id*. at 4 (Plaintiff

states "Wells Fargo Bank, N.A. and it's [sic] attorneys Sirote & Permutt, P.C. through their instances of filing void/canceled documents in the state court actions and again in the action before this honorable Court. . . ."). However, Plaintiff's argument for exception to the *Rooker-Feldman* application is unavailing, as the Eleventh Circuit does not recognize a "fraud-on-the-court" exception to the doctrine. *See Velazquez v. S. Fla. Fed. Credit Union*, 546 F. App'x 854, 859 (11th Cir. 2013); *Crossdale v. Crossdale*, 598 F. App'x 697, 700 (11th Cir. 2015) (noting that "[e]ven if this court had recognized a fraud exception to the [*Rooker-Feldman*] doctrine, which it has not, [the plaintiff's] argument is little more than a claim that the state court was wrong and the only possible reason for it was fraud. That argument is without merit."); *Register v. Womble*, CASE NO.: 1:17-cv-199-WKW-GMB, 2017 WL 3446539, at * 4 (M.D. Ala. July 20, 2017) ("The Eleventh Circuit summarily rejected [the argument that the state-court litigation was subject to intrinsic fraud—i.e., fabricated evidence, perjured testimony, and false reports—], holding that there is no exception to *Rooker-Feldman* for intrinsic fraud and reasoning that such an exception would 'effectively gut the doctrine' because litigants would automatically argue that the underlying state-court proceedings were marred by fraud") (quoting *Valentine v. BAC Home Loans Serv., L.P.*, 635 F. App'x 753, 757 (11th Cir. 2015)).

Accordingly, because Plaintiff's FDCPA and TILA claims against Defendant Wells Fargo are inextricably intertwined with the state-court Eviction Action, and because Plaintiff had a reasonable opportunity to raise those claims in the state court, the *Rooker-Feldman* doctrine bars his suit in this court. *See Christophe v. Morris*, 198 F. App'x 818, 825 (11th Cir. 2006) (holding that "[t]o the extent Christophe's complaint was construed

as a challenge to the state court's ruling that she violated her lease, and, therefore, that the landlord was legally permitted to an order of eviction or dispossession, the district court properly dismissed the complaint under the *Rooker-Feldman* doctrine[.]")

> **2. Plaintiff's FDCPA and TILA Claims Against Defendant Sirote Should Be Dismissed.**

> ### a. Federal Rule of Civil Procedure 8

Plaintiff's complaint fails to allege any specific wrongdoing by Defendant Sirote. Notably, other than naming Defendant Sirote as a Defendant, Plaintiff's complaint fails to mention Defendant Sirote in any other way. Plaintiff has failed to state *how* or *why* Defendant Sirote is involved in any violation of FDCPA or TILA law. Such a pleading does not satisfy the federal pleading standards, and the claims against Defendant Sirote should be dismissed. *See e.g,*, *Douglas v. Yates*, 553 F.3d 1316, 1322 (11th Cir. 2008) (holding a district court properly dismisses a plaintiff's complaint where, other than naming the defendant in the caption, the complaint states no allegations that connect the defendant with the alleged violation); *Carey v. Mason*, No. 2:13-cv-705-MHT, 2016 WL 5844339, at *8 (M.D. Ala. Aug. 18, 2016) (granting of summary judgment for the defendant where no allegation was made against him other than naming him as a defendant in complaint); *Mayo v. Bentley*, No. 2:11-cv-392-ID, 2011 WL 3625365, at *1 (M.D. Ala. Jul. 7, 2011) ("It is not enough to simply state that all the named defendants violated . . . [a plaintiff's] constitutional rights without providing information which is specific enough to put each defendant on notice how their conduct allegedly violated [p]laintiff's constitutional rights).

The undersigned recognizes that Plaintiff is *pro se*, and has taken this into consideration when concluding that Plaintiff's complaint against Defendant Sirote should be dismissed without ordering Plaintiff to amend. While plaintiffs—particularly those proceeding *pro se*—are often afforded a chance to amend their complaints prior to dismissal for failure to state a claim, such an opportunity here would be an exercise in futility. In Plaintiff's previous suit before this court, Plaintiff attempted to add Defendant Sirote as a defendant to his complaint, which asserted FDCPA claims. The undersigned concluded, and the District Judge agreed, that such amendment would be futile because, in part, Plaintiff's claims against Defendant Sirote were time barred. The same is true here.

Any violation of the FDCPA must be brought within one year "from the date on which the violation occurs." 15 U.S.C. § 1692k(d) (2017). Likewise, a claim for damages under TILA must be brought within one year from the closing date for the underlying transaction. 15 U.S.C. § 1640(e) (2017). The present action was initiated on February 16, 2017. Doc. 1. Thus, any FDCPA or TILA claim against Defendant Sirote that occurred before February 16, 2016, would be time barred. Plaintiff has not pled, and the undersigned finds no reason to infer, that any of the alleged conduct which could arguably form the basis of FDCPA or TILA violations occurred on or after February 16, 2016.[9] Therefore,

---

[9]    "To prevail on an FDCPA claim, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt, (2) the defendant is a debt collector as defined by the FDCPA, and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Ruth v. Tenen*, No. 3:12CV40-WHA, 2012 WL 2135478, at *2 (M.D. Ala. June 13, 2012) (citing *Janke v. Wells Fargo and Co.*, 805 F. Supp. 2d 1278, 1281 (M.D. Ala. 2011)). While Plaintiff does not allege any particular debt collection activity by Defendant Sirote, such collection would have inevitably ended on or before the foreclosure sale of the home, which occurred in May 2014.                    (continued next page)

even if the court were to allow Plaintiff to amend his complaint to clarify his FDCPA and/or TILA claims against Defendant Sirote, Plaintiff's claims would be time barred.

### b. *Rooker-Feldman* Doctrine

To the extent Plaintiff is alleging FDCPA and TILA claims against Defendant Sirote, those claims are also subject to dismissal under the *Rooker-Feldman* doctrine for the same reasons those claims are subject to dismissal as to Defendant Wells Fargo. In short, the Eleventh Circuit has repeatedly applied *Rooker-Feldman* to dismiss FDCPA and TILA claims in actions where plaintiffs were challenging state-court foreclosure judgments and subsequent ejectment orders. As Plaintiff asks this court to "clear the title of the property and restore proper ownership to Plaintiff," it is apparent that Plaintiff is challenging the Circuit Court's ejectment order. Because *Rooker-Feldman* prohibits federal district courts from reviewing final judgments of a state court, along with all claims that are inextricably intertwined with those judgments, Plaintiff's FDCPA and TILA claims should be dismissed.

## III. CONCLUSION

For the foregoing reasons, it is the

RECOMMENDATION of the undersigned Magistrate Judge that Defendant Sirote's Motion to Dismiss (Doc. 15) be GRANTED. Further, it is the

---

While Plaintiff does not allege any particular violation of TILA from Defendant Sirote, Plaintiff does allege that Smith timely rescinded her transaction with Defendant Wells Fargo in November 2010 pursuant to TILA. Thus, assuming momentarily that Plaintiff has standing to bring a TILA claim stemming from Smith's rescission, such claim should have been brought within one year of the violation—i.e., before November 2011.

RECOMMENDATION of the undersigned Magistrate Judge that Defendant Wells Fargo's Motion to Dismiss (Doc. 18) be GRANTED.  It is

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **August 29, 2017**. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R 3-1; *see Stein v. Lanning Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982) *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*).  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Done this 15th day of August, 2017.

/s/ Wallace Capel, Jr.
CHIEF UNITED STATES MAGISTRATE JUDGE